### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TRACY SCOTT McCULLAR, | ) | |
|                 Plaintiff, | ) | |
| v. | ) | Case No. CIV-09-400-R |
| | ) | |
| WAYNE BARNES, WAYNE SMITH, | ) | |
| JUSTIN JONES and DEBBIE MORTON, | ) | |
| | ) | |
|                 Defendants. | ) | |

### REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this action for monetary damages pursuant to 42 U.S.C. § 1983 alleging violations of his federal constitutional rights in connection with a prison disciplinary conviction. This matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). Pending before the Court is Defendants' Motion to Dismiss [Doc. #16]. In addition, the Court has received a Special Report [Doc. #17]. Plaintiff has filed a Response [Doc. #19], and the matter is now at issue. For the reasons set forth below, it is recommended that Defendants' Motion to Dismiss be granted and that Plaintiff's action be dismissed pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

**I.**     **Factual Background / Plaintiff's Claims**

Plaintiff is an inmate in the custody of the Oklahoma Department of Corrections (ODOC), currently incarcerated at the Northeast Oklahoma Correctional Center (NOCC) in Vinita, Oklahoma. Plaintiff's claims in this lawsuit arise out of a disciplinary conviction.

Sanctions imposed as a result of the disciplinary conviction included revocation of 365 earned credits.

In Count 1, Plaintiff alleges he was coerced into backdating a document showing his receipt of the misconduct offense report because the probation officer, Defendant Barnes, had lost the document. In Count 2, Plaintiff alleges the misconduct was affirmed prematurely on appeal prior to Plaintiff's receipt of the finding of guilt. In Count 3, Plaintiff claims his appeal documentation was lost in transit when he was moved to NOCC and he was therefore unable to submit the original appeal document to the Director for administrative review. In a related claim, Plaintiff contends in Count 4 that Defendant Morton wrongfully refused to accept his request for review on administrative appeal because he did not submit the original appeal document. In Count 5, Plaintiff claims that as a result of these due process violations, his incarceration was prolonged because the disciplinary conviction resulted in a loss of 365 earned credits.

Plaintiff expressly states that he is "not attempting to challenge the ruling of a finding of guilt at the disciplinary hearing I received." *See* Complaint at 6. He contends he is only "attempting to prove that due process procedure was not afforded and that [he] was damaged . . . ." *Id*. As relief, Plaintiff seeks monetary damages in the sum of $365,000 – "$1,000 a day for all 365 days that could not be accredited to [his] time served due to the denial of an administrative appeal." *Id*. at 8.

The following facts are taken from Plaintiff's Complaint and documents submitted with the Special Report. *See Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991) (court

may consider Special Report when dismissing a claim, but "cannot resolve material disputed factual issues by accepting the report's factual findings when they are in conflict with pleadings or affidavits"). Plaintiff does not make factual allegations – material to resolution of Defendants' motion for dismissal – that are in conflict with the documentary evidence submitted with the Special Report.

On February 1, 2008, Plaintiff reported to the probation office in Purcell, Oklahoma.[1] The probation officer, Defendant Barnes, conducted a Drug Abuse Recognition Survey on Plaintiff and determined Plaintiff was intoxicated  *See* Special Report, Attachment 2, Department of Corrections Offense Report. As a result, Plaintiff was charged with a Law Violation (Public Intoxication), a Class X misconduct offense.[2]

On February 11, 2008, Plaintiff was found guilty of the offense and received a copy of the disposition on that same date. *See* Special Report, Attachment 2, Disciplinary Hearing Report. On February 12, 2008, Plaintiff filed an appeal challenging the sufficiency of the evidence supporting the disciplinary conviction. *See id*., Offender's Misconduct Appeal Form. On February 27, 2008, due process review was conducted and the reviewer modified the facility head's finding of guilt and ordered a reinvestigation and rehearing. *See id*., Offender Misconduct Appeal Form/Due Process Review. Plaintiff received a copy of the due

---

[1] At the time of his disciplinary conviction, Plaintiff was serving his sentence in ODOC's Community Corrections Global Positioning Satellite Program. *See* Special Report, Attachment 3, Affidavit of Ray Aldridge.

[2] The initial offense report listed the date of offense as February 2, 2008, but the description of the incident stated it occurred on February 1, 2008. The offense report was corrected to identify the date of the offense as February 1, 2008. *See* Special Report, Attachment 2.

process review on March 11, 2008. *Id.* The record also indicates that on March 11, 2008, Plaintiff chose not to sign for a corrected copy of the offense report. *See* Special Report, Attachment 3, Offense Report, Corrected Copy.

On that same date, March 11, 2008, the investigation was conducted. Special Report, Attachment 3, Investigator's Report. After a review of the evidence, the investigator determined a hearing was necessary. Special Report, Attachment 3, Review of Evidence.

On April 1, 2008, a hearing was conducted and Plaintiff was found guilty of the offense. *See* Special Report, Attachment 3, Disciplinary Hearing Report. The sanction imposed included revocation of 365 earned credits. *Id*. On that same date, Plaintiff filed an appeal, challenging the sufficiency of the evidence supporting the conviction. *See* Special Report, Attachment 3b, Offender's Misconduct Appeal Form. Plaintiff submitted his appeal to Defendant Smith, District Supervisor for Southwest District Community Corrections.

On April 8, 2008, Defendant Smith completed his due process review, found no due process violations and affirmed the disciplinary action. *See* Special Report, Attachment 3(b), Offender Misconduct Appeal Form/Due Process Review and correspondence. Plaintiff received a copy of the due process review on April 15, 2008. *Id.*

According to Plaintiff, on April 17, 2008, he was transferred from Lawton Assessment and Reception Center (LARC) to his place of present confinement, NOCC. Plaintiff alleges his paperwork relating to the disciplinary conviction was lost in transit. On April 24, 2008, ODOC received a letter from Plaintiff requesting assistance in locating his lost paperwork or an extension of time within which to appeal. *See* Special Report, Attachment 4. On

April 25, 2008, Defendant Morton, Director's Designee, advised Plaintiff that his correspondence was being returned unanswered. Plaintiff was advised to submit his appeal to the facility, direct inquiries to the facility head where the offense occurred, and to submit his appeal on the applicable forms. *Id.*

Plaintiff wrote a second letter to the Director's Designee, Defendant Morton, making the same request as his previous letter. On April 28, 2008, Defendant Morton advised Plaintiff his correspondence was being returned unanswered. Defendant Morton advised Plaintiff of the prison grievance procedure. *See* Special Report, Attachment 5. On that same date, Plaintiff mailed a letter to Defendant Smith requesting a copy of the original "due process review [Plaintiff] received from [Defendant Smith's] office" which Plaintiff had signed for on April 15, 2008.[3] *See* Special Report, Attachment 6a. On May 7, 2008, the Offender Misconduct Appeal Form/Due Process Review was mailed to Plaintiff. *See* Special Report, Attachment 6b, Affidavit of Jeff Woody.

On June 9, 2008, Plaintiff submitted a new Offender's Misconduct Appeal Form, challenging the sufficiency of the evidence supporting the disciplinary conviction. Special Report, Attachment 8. On June 30, 2008, Defendant Morton responded and advised Plaintiff his appeal was being returned because he did not submit the proper appeal form, *i.e.*, the form that was originally submitted to the Facility Head. *See* Special Report, Attachment 9.

---

[3] The referenced form is entitled "Offender Misconduct Appeal Form/Due Process Review." The "Due Process Review" is a response to the appeal and reflects the decision of reviewer. It also includes a section for the offender to sign and date when the offender receives the decision. A separate form entitled "Offender Misconduct Appeal Form" is the offender's originating document for the appeal and is submitted to the Facility Head who serves as the reviewer. *See* Special Report, Attachment 3b.

Plaintiff was advised he would be given one additional opportunity to resubmit his appeal. *Id*.

In the interim, on June 19, 2008, Plaintiff's Offender Misconduct Appeal Form dated June 9, 2008, was mailed to Plaintiff along with additional paperwork related to his misconduct conviction. *See* Special Report, Attachment 8, handwritten notation. However, there is no indication in the record that Plaintiff ever received a copy of the original Offender Misconduct Appeal Form dated April 1, 2008. The record shows Plaintiff repeatedly submitted with his appeals the Offender Misconduct Appeal Form dated June 9, 2008, and that the appeals were returned unanswered for failing to submit the appeal form originally submitted to the facility head dated April 1, 2008. *See* Special Report, Attachments 9, 10 and 11.

**II.     Standard of Review**

In determining whether dismissal of a *pro se* complaint is proper for failure to state a claim upon which relief may be granted, the Court must take all well-pleaded factual allegations as true and view those facts in the light most favorable to the plaintiff. Dismissal is proper if, taking those facts as true, the plaintiff fails to present a plausible right to relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-1248 (10th Cir. 2008); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins*, 519 F.3d at 1247 (*quoting Twombly*, 127 S.Ct. at 1965).

Where, as here, the litigant appears *pro se*, the Court construes the complaint liberally. *Haines v. Kerner*, 404 U.S. 519 (1972).

### III.   Analysis

#### A.   Official Capacity Claims Barred by Eleventh Amendment Immunity

The Court liberally construes the Complaint to include claims against the Defendants, employees of the ODOC, in their official capacities. With respect to these claims, Defendants move for dismissal pursuant to Fed. R. Civ. P. 12(b)(1) on grounds of Eleventh Amendment Immunity. *See Ruiz v. McDonnell*, 299 F.3d 1173, 1180-1181 (10th Cir. 2002) (Eleventh Amendment immunity defense is a challenge to a federal court's subject matter jurisdiction).

The Eleventh Amendment bars a suit for money damages in federal court against a state by its own citizens. *See Edelman v. Jordan*, 415 U.S. 651, 663-664 (1974). This immunity from suit extends to the state's agencies and officers. *See Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 and n. 10 (1989). Accordingly, Defendants in their official capacity, as employees of the ODOC, are immune from Plaintiff's claims for money damages. *See Sturdevant v. Paulsen*, 218 F.3d 1160, 1164 (10th Cir. 2000) (holding that Eleventh Amendment bars claims for money damages against entities that are arms or instrumentalities of a state); *White v. State of Colorado*, 82 F.3d 364, 366 (10th Cir. 1996)

(finding § 1983 claims plaintiff asserted against state corrections employees in their official capacity for money damages barred by Eleventh Amendment sovereign immunity); *Eastwood v. Department of Corrections of State of Okl.*, 846 F.2d 627, 631 (10th Cir. 1988) ("[T]he DOC is an arm of the state and should be entitled to [Eleventh Amendment] immunity.").

Plaintiff's claims for money damages against Defendants in their official capacities should be dismissed on grounds of Eleventh Amendment immunity pursuant to Fed. R. Civ. P. 12(b)(1).

### B. Individual Capacity Claims Barred as Premature

Defendants also seek dismissal of Plaintiff's claims for money damages against them in their individual capacities. Defendants do not address the merits of Plaintiff's claims but instead contend the claims are premature and, therefore, foreclosed by *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 641 (1997).

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of the conviction or sentence" unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. *Id.* at 487. In *Edwards*, the Supreme Court applied its holding in *Heck* to a prisoner's challenge to a disciplinary conviction where the prisoner sought damages and declaratory relief. *Edwards*, 520 U.S. at 645-548. *See also Cardoso v. Calbone*, 490 F.3d 1194, 1199

(10th Cir. 2007) ("Th[e *Heck*] rule also applies to challenges to punishments imposed as a result of prison disciplinary infractions.").

As in this case, in *Edwards*, the prisoner "limited his request[ed relief] to damages for depriving him of good-time credits *without due process*, not for depriving him of good-time credits *undeservedly* as a substantive matter." *Id*. at 645 (emphasis in original). Addressing this claim, the Supreme Court determined that even a challenge alleging that only the procedures were wrong, not the result, is barred by *Heck* if "the nature of the challenge to the procedures could be such as to imply the invalidity of the judgment." *Id*. at 645.

Although Plaintiff tries to emphasize that he is not attempting to challenge the disciplinary hearing finding of guilt, the nature of his challenge, especially the precise relief he seeks, implies the invalidity of the conviction and sanction. Plaintiff seeks damages calculated at $1000 per day "for all 365 days that could not be accredited [sic] to my time served due to the denial of an administrative appeal." By framing the action in this way, Plaintiff makes it clear that he seeks "damages for the deprivation of good time credits" not "damages for the deprivation of civil rights." *See Heck*, 512 U.S. at 482. Despite Plaintiff's attempted characterization of his claims, for Plaintiff to be entitled to the requested relief (a measure of monetary damages for each of the 365 days not credited against his time served), the sanction imposed in the disciplinary proceeding (loss of 365 credits) would necessarily have to be found invalid and wrongfully imposed. *Compare Butterfield v. Bail*, 120 F.3d 1023, 1025 (9th Cir. 1997) ("[A]lthough Appellant does not in form challenge the legality or length of his confinement, in substance his damages may only be measured by that

9

confinement."). Plaintiff has not alleged facts demonstrating the disciplinary conviction or sanction has been invalidated.[4] Therefore, his action for damages arising out of alleged wrongful conduct in the context of the prison disciplinary proceedings is barred. Accordingly, Plaintiff has failed to state claims upon which § 1983 relief may be granted and the Complaint should be dismissed.[5]

Although Defendants have not moved for dismissal on the merits of the claims raised, the Court addresses the merits in the alternative, as Plaintiff's allegations fail to demonstrate a violation of Plaintiff's due process rights. Plaintiff does not allege he was denied any of the process to which he was due under *Wolff v. McDonnell*, 418 U.S. 539, 563-566 (1974).[6]

---

[4]In his Response [Doc. #19], Plaintiff suggests that he attempted to challenge his disciplinary conviction in state court but the state court deemed his claims procedurally barred. Alternatively, Plaintiff suggests no judicial remedies were available to him due to his inability to complete the administrative appeal. These facts, if true, do not require a different conclusion as they fail to demonstrate the disciplinary conviction has been invalidated. Moreover, to the extent Plaintiff's allegations in the response tend to suggest a § 1983 claim premised on denial of access to the courts, Plaintiff's allegations are too attenuated from the claims expressly raised in the Complaint. Although Plaintiff is proceeding *pro se*, the Court may not act as advocate for Plaintiff to raise claims not otherwise identified by Plaintiff. *See Hall v. Belmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[I]t is [not] the proper function of the district court to assume the role of advocate for the pro se litigant.").

[5]As set forth, in Count Five of the Complaint, Plaintiff claims the revocation of 365 earned credits due to the prison disciplinary conviction has "resulted in a longer incarceration and held me past my original proposed discharge date." Although Plaintiff does not request as relief his release from custody, to the extent Plaintiff does challenge the fact or duration of his custody, such a claim is not cognizable in this action brought pursuant to § 1983 but rather must be brought in a habeas corpus action pursuant to 28 U.S.C. § 2241. *See Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

[6]To meet the standards of due process in a disciplinary proceeding under *Wolff*, the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when
(continued...)

Plaintiff's claims largely revolve around an alleged denial of due process arising out of his efforts to appeal the prison disciplinary conviction within the administrative review process – not the disciplinary hearing itself. Plaintiff has failed to demonstrate a due process right to appeal the prison disciplinary conviction. *See Lowe v. Sockey*, 36 Fed. Appx. 353, 360 (10th Cir. April 2, 2002) (unpublished op.) (dismissing due process claim based on prison officials' failure to respond to appeal of finding of guilt at prison disciplinary hearing "as the Supreme Court has already determined that there simply exists no due process right to such an appeal"). *See also Whitten v. Clark*, No. 95-3500, 1996 WL 89224 at *2 (7th Cir. Feb. 29, 1996) (unpublished op.) ("We see nothing in *Wolff* or its progeny that requires that a prisoner even be allowed to appeal to an administrative appeals officer . . . ."); *Kenney v. Barron*, No. 5:05cv179/RS, 2006 WL 3667276 (N.D. Fla. Dec. 12, 2006) (unpublished op.) (noting that "[m]inimal due process as enunciated in *Wolff* and *Hill* applies only to the disciplinary hearing itself and citing cases declining to find due process right to administrative appeal). Plaintiff's due process claims, therefore, even if not premature pursuant to *Heck* and *Edwards*, are subject to dismissal for failure to state a claim upon which relief may be granted.

---

⁶(...continued)
consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. *Wolff*, 418 U.S. at 563-566. In addition some evidence must support the conviction. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985). Plaintiff's claims do not implicate a denial of any of these due process protections.

**IV.     Plaintiff's Motion for Appointment of Counsel**

Plaintiff has filed a Motion [Doc. #4] requesting appointment of counsel. Whether to appoint counsel in a civil rights action rests on a number of factors, including the merits of the litigant's claims, the nature of the factual issues, the litigant's ability to present his claims and the complexity of the legal issues raised by the claims. *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). As set forth above, Plaintiff's official capacity claims are barred by the Eleventh Amendment. And, Plaintiff's individual capacity claims are premature and fail to state a claim upon which relief may be granted. Further, Plaintiff's claims do not present factually or legally complex matters, and Plaintiff has demonstrated adequate ability to present his claims. Accordingly, Plaintiff's request for appointment of counsel should be denied.

## RECOMMENDATION

It is recommended that Defendants' Motion to Dismiss [Doc. #16] be granted. Plaintiff's official capacity claims should be dismissed on grounds of Eleventh Amendment immunity pursuant to Fed. R. Civ. P. 12(b)(1). Plaintiff's individual capacity claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which § 1983 relief may be granted.

In light of this recommendation, Plaintiff's Motion [Doc. #4] requesting appointment of counsel should be denied.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of the District Court by October 26th, 2009. *See* LCvR72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 5th day of October, 2009.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE